UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PUBLIC PATENT FOUNDATION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>McNEIL-PPC, INC., )<br>)<br>Defendant. ) | Civil Action No. 09-CV-5471-RJH |

**MEMORANDUM IN SUPPORT OF McNEIL'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Steven A. Zalesin
Irena Royzman
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York  10036
Tel:  (212) 336-2000
Email:  sazalesin@pbwt.com

*Attorneys for Defendant McNeil-PPC, Inc.*

Defendant McNeil-PPC, Inc. ("McNeil") respectfully moves pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings dismissing the complaint of plaintiff Public Patent Foundation ("PubPat").

## INTRODUCTION

PubPat filed this lawsuit as a *qui tam* plaintiff on behalf of the United States, alleging that McNeil falsely marked certain Tylenol® products in violation of the false patent marking statute, 35 U.S.C. § 292(b).  PubPat has no connection to the products or patents at issue, and has not alleged or personally suffered any injury as a result of the alleged false marking.

On September 16, 2011, the President signed into law the "America Invents Act" (the "Act") which, among other things, amended the false marking statute in several key respects that require the termination of this action.  First, the Act limits the right to sue under 35 U.S.C. § 292(b) to "[a] person who has suffered a competitive injury as a result of a violation of" the false marking statute.  Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284, § 16(b)(2) (2011).[1]  Second, the Act limits the remedy in such a suit to "recovery of damages adequate to compensate for the injury."  *Id.*  Third, the Act provides that "[t]he marking of a product . . . with matter relating to a patent that covered that product but has expired is not a violation of this section."  *Id.* §16(b)(3).  The Act provides that these amendments "shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act," which includes the instant case.  *Id.* § 16(b)(4).

It is undisputed that PubPat is not a competitor of McNeil, and accordingly has suffered no "competitive injury" that would give it the right to maintain this action or recover

---

[1] "Ex." refers to the exhibits attached to the accompanying declaration of Irena Royzman.

"damages adequate to compensate" for such a competitive injury. And PubPat's only remaining allegation in this case is that McNeil marked its products with expired patent numbers – a claim that, by the terms of the Act, is not a false marking violation at all. Judgment on the pleadings dismissing PubPat's claim is therefore required.

## BACKGROUND

### Procedural History

On June 15, 2009, PubPat filed this action pursuant to 35 U.S.C. § 292(b) alleging that McNeil had falsely marked certain Tylenol® products with expired patent numbers, or with unexpired patents that did not cover the marked products. McNeil moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that PubPat lacked Article III standing and the complaint failed to state a claim.

On September 22, 2010, the Court granted McNeil's motion to dismiss under Fed. R. Civ. P. 12(b)(6) as to the patents still in force, but denied the motion as to those patents that had expired. McNeil filed an answer to PubPat's complaint on October 19, 2010. The parties then engaged in pretrial discovery. On September 9, 2011, the Court stayed all discovery on the basis of the Act.

### The False Marking Statute

35 U.S.C. § 292—the false marking statute—prohibits use of an erroneous patent marking "for the purpose of deceiving the public." As amended by the Act, it states in relevant part that:

> (a) . . . Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense. **Only the United States may sue for the penalty authorized by this subsection.**

2

> (b) *A person who has suffered a competitive injury* as a result of a violation of this section may file a civil action in a district court of the United States for *recovery of damages adequate to compensate for the injury.*
>
> (c) *The marking of a product*, in a manner described in subsection (a), *with matter relating to a patent that covered that product but has expired is not a violation of this section.*

35 U.S.C. § 292 (emphasis added).

The America Invents Act further provides that its amendments to the false marking statute "shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act." Pub. L. No. 112-29, § 16(b)(4).

## ARGUMENT

The America Invents Act limits the right to sue under 35 U.S.C. § 292(b) to "[a] person who has suffered a competitive injury as a result of a violation of" the false marking statute, Pub. L. No. 112-29, § 16(b)(2), and limits the remedy in such a suit to "recovery of damages adequate to compensate for the injury." *Id.* PubPat is not a competitor of McNeil. Thus, it is unable to allege a competitive injury and has no damages under the statute. In addition, McNeil's alleged marking of certain Tylenol® products with expired patents, the only allegation of false marking remaining in this action, is, by the terms of the Act, not a false marking violation at all. *Id.* § 16(b)(3). In short, PubPat has no claim under the statute and judgment on the pleadings dismissing PubPat's claim is therefore required. *See e.g.*, *Main Hastings LLC v. HSN, Inc.*, No. 2:10-cv-551 (Dkt. No. 26) (E.D. Tex. Sept. 20, 2011) (Ex. 1) (dismissing false marking suit *sua sponte* based on America Invents Act); *Kilts Resources LLC v. Uniden Direct in USA, Inc.*, No. 2:10-cv-517 (Dkt. No. 9) (E.D. Tex. Sept. 19, 2011) (Ex. 2) (same); Joint Letter to Federal Circuit (Sept. 29, 2011) in *FLFMC, LLC v. Wham-O, Inc.*, No. 2011-1067 (Fed. Cir.) (Ex. 3) ("The parties [including the Government] agree that section 16(b)

3

of the America Invents Act renders this case moot."); *Turek v. Merck & Co., Inc. et al*, No. 3:10-cv-00907 (Dkt. No. 49) (S.D. Ill. Oct. 5, 2011) (Ex. 4) (dismissal of false marking action with prejudice by the parties based on the Act).

PubPat may contend that this statutory elimination of its right to continue this action violates some constitutional provision such as the Due Process Clause or the Takings Clause, but such arguments are without merit. "[C]ourts are obligated to apply the law as they find it at the time of final judgment." *Hyundai Merchant Marine Co. Ltd. v. U.S.,* 888 F. Supp. 543, 550 (S.D.N.Y. 1995), *aff'd* 75 F. 3d 134 (2d Cir. 1996) (Leisure, J.).  "The Supreme Court has made clear . . . that it is the obligation of the court to give effect to Congress' pronouncements until such time as judicial rulings have achieved finality." *Id.*

Indeed, it is well settled that Congress does not violate Due Process when it amends a statute in a way that eliminates a plaintiff's pending cause of action, because "the legislative determination provides all the process that is due." *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1142 (9th Cir. 2009) (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982)); *see also Hyundai,* 888 F. Supp. at 551 (holding that retroactive application of a statute eliminating a cause of action did not violate due process or take away rights vested by judgment); *Dist. of Columbia v. Beretta U.S.A. Corp.*, 940 A.2d 163, 177 (D.C. 2008) (plaintiffs "received 'all the process that is due' when Congress barred pending actions such as theirs from proceeding as a rational means 'to give comprehensive effect to a new law that it considered salutary'") (quoting *Logan*, 455 U.S. at 433) (collecting cases); *Fisch v. Gen. Motors Corp.*, 169 F.2d 266, 271-72 (6th Cir. 1948) ("[R]etroactive laws are not prohibited by the Constitution in civil cases.").

Nor does Congress's elimination of PubPat's action constitute a taking. "A cause of action is inchoate and affords no definite or enforceable property right until reduced to final judgment." *Hyundai*, 888 F. Supp. at 551; *see also Ileto*, 565 F.3d at 1141 ("[A]lthough a cause of action is a species of property, a party's property right in any cause of action does not vest until a final unreviewable judgment is obtained.") (quoting *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1086 (9th Cir. 2001)); *Beretta*, 940 A.2d at 180-81 (rejecting a Takings Clause challenge in the absence of a final, unreviewable judgment) (collecting cases); *Concrete Pipe & Prods. of Cal. Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 641 (1993) ("Given that [the petitioner's] due process arguments are unavailing, 'it would be surprising indeed to discover [that] the challenged statute nonetheless violat[ed] the Takings Clause.'").

Moreover, even if elimination of PubPat's action constituted a taking, which it does not, it is clear that the remedy would not be for PubPat to maintain this action, but rather to seek some form of compensation from the Government in the Court of Claims. *See Duke Power Co. v. Carolina Envtl. Study Group, Inc.*, 438 U.S. 59, 71 n.15 (1978) (claim for "compensation for a taking [is] a claim properly brought in the Court of Claims"); *Wisconsin Valley Improvement Co. v. Fed. Energy Regulatory Comm'n*, 236 F.3d 738, 743 (D.C. Cir. 2001) ("It is fixed law that 'if there is a taking, and a claim for just compensation, then that is a . . . matter to be pursued in the Court of Federal Claims, and not before us.'"). In short, PubPat has no legitimate argument against immediate dismissal, with prejudice, of this case, as required by the Act.

4981697v.1

## CONCLUSION

For the reasons stated above, McNeil respectfully requests that the Court grant its motion for judgment on the pleadings.

Dated:  October 14, 2011

                              Respectfully submitted,

                              By: */s/ Steven A. Zalesin*

Steven A. Zalesin
Irena Royzman
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York  10036
Tel:  (212) 336-2000
Email:  sazalesin@pbwt.com

*Attorneys for Defendant McNeil-PPC, Inc.*

4981697v.1